PUERTO RICO LABOR RELATIONS BOARD, Petitioner, *v.* INTERNATIONAL LONGSHOREMEN ASSOCIATION (ILA), ETC., ET AL., Defendants.

No. 36.    Argued June 10, 1954.—Decided June 30, 1954.

*José Trías Monge, Attorney General, Aurelio Torres Braschi, Assistant Attorney General, Ramón Acevedo Oliveras* and *Eduardo Álvarez de la Vega* for petitioner.    *Juan Marcano* for defendants.    *José López Baralt* for Central Roig Refining Co.    *Charles R. Hartzell, Rafael O. Fernández,* and *José L. Novas* for Puerto Rico Steamship Association, as *amici curiæ.*

MR. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of the Court.

The antecedents of this case appear in our opinion in the case of *Labor Relations Board* v. *ILA*, 73 P.R.R. 568. Briefly stated, insofar as relevant here, they may be summarized thus: Respondents herein and the Puerto Rico Steamship Association, in representation of several steamship companies, signed a Collective Agreement on October 24, 1950, retroactive to January 1 of the same year, for the term of two years, establishing the terms and working conditions in the various ports of the island, the work shifts and the wages to be paid to the laborers and employees in the various working classifications established for the loading and unloading of vessels aboard and ashore.

Paragraph 27 [par. 26 in the Eng. version] of Article 7 of the Agreement contained a no-strike clause by virtue of which the members of the Union included in the bargaining unit bound themselves "not to stop work totally or partially for any reason or motive during the life of this agreement." The steamship companies filed certain charges against the contracting Union claiming violation of the no-strike clause. The Puerto Rico Labor Relations Board, after filing a complaint against respondents herein and appointing a Trial Examiner, rendered a decision on April 14, 1952 adopting the conclusions and recommendations of said Examiner and issued an Order against the respondents herein "to cease and desist from violating in any manner whatsoever the terms of the agreement which they have signed or may sign"·with the Puerto Rico Steamship Association and the steamship companies represented by the latter, "or with any other association or employer" and to take certain affirmative action.

In harmony with the provisions of § 9 (2) (a) of the Puerto Rico Labor Relations Act—No. 130 of May 8, 1945

amended by Act No. 6 of March 7, 1946—the Board filed a petition in this Court for the enforcement of its Order.[1] Since the Collective Agreement also contained a closed-shop clause, we did not deem it advisable to enforce it at that time. We said:

"At the hearing of this petition it was stated that a proceeding is pending before the National Board on unfair labor practice involving the validity of the closed-shop clause. Under these circumstances, we do not deem it proper to pass on the status of the collective agreement in question, because of the effect that the presence of the aforesaid closed-shop clause may have on it, nor to examine the contention of the Insular Board that at most an order of the National Board in said proceeding would render academic the order that the Insular Board asks us to enforce.

"The question before us now was not presented to the Insular Board in the proceeding which gave rise to its aforesaid order, nor did the Board have an opportunity of reaching any conclusions in relation thereto. As said question goes beyond the technical functioning of the Federal Act, suggesting a possible conflict between the public policy of Congress, which proscribed closed shops in Collective bargainings, and the public policy of our Legislative Assembly which tends to maintain their integrity once they are adopted; and as the fate of the agreement involved herein depends on the determination of the National Board in the proceeding before it and on the scope of the orders it may issue in the exercise of its power, we do not deem it advisable to put into effect now the Order of the Insular Board.

"The case shall be remanded to said Board so that once the action of the National Board to that respect is known, it may adjust its order to the situation of law resulting from said action." *Labor Rel. Board* v. *I.L.A., supra,* pp. 599–600.

On March 30, 1953 the National Relations Board rendered a decision and order In the Matter of Local 1664 (Dock Division) ILA, District Council No. 1 and Local 1664 (General Longshoremen Division) ILA, District Council No. 1 (103 NLRB No. 112), in which it considered the effects

---

[1] This is the same Order which is now under consideration.

of the closed-shop clause contained in the Agreement, addressing its Order to the Puerto Rico Steamship Association and the steamship companies represented by the latter as well as to the ILA and its officers, agents, representatives and successors in Puerto Rico and Eusebio G. Moreno. For the purposes of the closed-shop clause contained in the Agreement, the Order provides the following as to the Association and to the steamship companies:

"(a) Cease and desist from: . . .

"(2) Performing or giving effect to the 1950–1951 contracts with ILA, or to any modifications, extensions, supplements, or renewals thereof, or to any practice resulting therefrom which require as a term or condition of employment membership in the ILA or any of its locals, except as permitted by Section 8(a)(3) of the Act;

"(3) Cease giving effect to the 1952 contract between the Association and the ILA and any new contract that may be entered into between the South Puerto Rico Sugar Co. and the ILA, or any modifications, extensions, supplements, or renewals thereof, insofar as said contracts, or any practices resulting therefrom, require illegal union-security provisions or other illegal practices . . ."

As to the ILA and its local officers, agents, representatives and successors, and Eusebio G. Moreno, said order provides:

"(a) Cease and desist from: . . .

"(3) Performing or giving effect to the 1950–1951 contracts with the respondent employers, or to any modifications, extensions, supplements, or renewals thereof, or to any practices resulting therefrom which require as a term or condition of employment membership in the ILA or any of its locals, except as permitted under the provisions of Section 8(a)(3) of the Act;

"(4) Giving effect to the 1952 contract with the Puerto Rico Steamship Association or executing any new contract with the South Puerto Rico Sugar Company, or any modifications, extensions, supplements, or renewals thereof, insofar as said contracts apply to an illegal union security provision for their execution; . . ."

On May 1, 1953, after the National Labor Relations Board had rendered its Decision and Order of March 30 to which we have referred, the Puerto Rico Labor Relations Board rendered a decision and order supplementing the one rendered on April 14, 1952, in conformity with the dispositive part of our decision in *Labor Relations Board* v. *ILA*, *supra*, copied above, by virtue of which, after considering the legal situation which had arisen by reason of the action of the National Board, it ratified in all its parts its original Decision and Order of April 14, 1952. Thereafter it again resorted to this Court with the present petition for the enforcement of its Order.

After a hearing on the new petition we delayed consideration until the Court of Appeals for the First Circuit disposed of the petition which the National Relations Board had in turn filed in that Court for the enforcement of its decision and order of March 30, 1953.

On March 26, 1954 the Court of Appeals rendered its decision enforcing the order of the National Board in all its provisions, among them those previously copied which referred to the Collective Agreement containing the no-strike clause, whose violation gave rise to the original petition of the local Board to this Court and which is the source of the petition now before us.

■■ It is clear from the decision and the order of the National Board that the invalidity of the Collective Agreement of 1950 and 1951—as well as of 1952—is confined to the closed-shop clause contained therein and to the obligations contracted thereunder by the bargaining parties. The inclusion of this clause therefore did not invalidate the whole Collective agreement, and hence it could not invalidate the no-strike clause also contained therein. This doctrine is upheld by the decision of the United States Supreme Court in *Labor Rel. Board* v. *Rockaway News Co.*, 345 U. S. 71, 97 L. Ed. 832. Consequently, the respondents in violating

the no-strike clause of the Agreement, as determined by the local Board, committed the unfair labor practice of violating a collective agreement established by § 8(2) (a) of the Puerto Rico Labor Relations Act. That violation therefore established a course of conduct which justified the local Board in rendering its order to cease and desist from the unfair labor practice as declared by local law—not included as such in, and notwithstanding the federal law, *Cf. United Construction Workers* v. *Laburnum Construction Corp.*, decided by the National Supreme Court on June 7, 1954, 22 U. S. Law Week No. 47 of June 8, 1954—but which is of such great significance and so essential to maintaining the industrial peace and economy of Puerto Rico.

The decision and order of the Puerto Rico Labor Relations Board of April 14, 1952, ratified by its order of May 1, 1953 will be enforced.

### JUDGMENT

San Juan, Puerto Rico, June 30, 1954.

For the reasons set forth in the foregoing opinion, the petition of the Puerto Rico Labor Relations Board urging the enforcement of its order of April 14, 1952, is granted and, consequently, the defendants International Longshoremen Association (ILA) District Council of the Ports of Puerto Rico and its President, Eusebio G. Moreno, and Locals 1740, 1782, and 1674, and their respective Presidents, Amado Torres Báez, Ramón Mejías, and Juan Vidal Álvarez, and its Sub-Local 1674, and its President, Lorenzo Rosaly are hereby ordered:

1. To cease and desist from:

Violating in any manner whatsoever the terms of the collective agreement which they have signed or may sign with the Porto Rico Steamship Association and Bull Insular Line, Inc., Waterman Dock Co., Inc., Lykes Line Agency, Inc., Pope & Talbot Co., Inc., Méndez & Co., Inc., San Juan Mercantile Corp., Porto Rico Coal Co., Porto Rico Lighter-

age, San Juan Trading Co., Inc., Behn Brothers, Fred Imbert, Inc., P. R. Dry Dock & Marine Terminal, Inc., Alcoa Steamship Co., and Rivera Shipping, or with any other association or employer.

2. To take the following affirmative action:

(a) To serve notice by registered mail on the Porto Rico Steamship Association and Bull Insular Line, Inc., Waterman Dock Co., Inc., Lykes Line Agency, Inc., Pope & Talbot Co., Inc., Méndez & Co., Inc., San Juan Mercantile Corp., Porto Rico Coal Co., Porto Rico Lighterage, San Juan Trading Co., Inc., Behn Brothers, Fred Imbert, Inc., P. R. Dry Dock & Marine Terminal, Inc., Alcoa Steamship Co., and Rivera Shipping, that they abstain from violating the terms of the agreement which they have signed or may sign with them in the future.

(b) To post forthwith in conspicuous places of the premises where their respective offices are established copies of the following Notice, for a period of 60 consecutive days counted from the date of the posting, and to adopt reasonable measures to prevent that such Notice be altered, changed, or covered in any manner whatever:

"NOTICE TO ALL OUR MEMBERS AND MEMBER EMPLOYERS OF THE PUERTO RICO STEAMSHIP ASSOCIATION"

"In compliance with a Decision and Order of the Puerto Rico Labor Relations Board, and for the purpose of executing the public policy expressed in the Puerto Rico Labor Relations Act, WE, the International Longshoremen Association, District Council of the Ports of Puerto Rico, presided by Eusebio G. Moreno, and its Affiliates, Local 1782, presided by Ramón Mejías, Local 1740, presided by Amado Torres Báez, Local 1672 (Unión de Dependientes), presided by Juan Vidal Álvarez, its Sub-Local Unión de Dependientes 1674, presided by Lorenzo Rosaly, notify all our members and the members of the Porto Rico Steamship Association that:

"We shall in nowise violate the terms of the collective agreement which we have signed or may sign with the Porto Rico Steamship Association or with any other association or employer, either by strike or in any other manner.

> INTERNATIONAL LONGSHOREMEN
> ASSOCIATION DISTRICT COUNCIL
> OF THE PORTS OF PUERTO RICO

By: ........................

"Posted in ...................... Puerto Rico, on this ...... day of ................... 1954."

(c) To furnish the President of the Board with enough signed copies of the said Notice to enable him, after obtaining the consent of complainant companies, to cause the same to be posted in conspicuous places of the latter's premises.

(d) To notify the President of the Board, within ten (10) days after the date of this Judgment, of any steps taken by the defendants to comply with this Order.

It was so decreed and ordered by the Court as witness the signature of the Chief Justice.

> A. C. SNYDER,
> *Chief Justice.*

I Attest:
IGNACIO RIVERA,
> *Secretary.*